IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT GARCIA,

       Plaintiff,                               CV F 03 5736 AWI WMW P

      vs.                                       ORDER DISMISSING COMPLAINT
                                              WITH LEAVE TO AMEND

L. GEORGE, et al.,

       Defendants.

                              /

       Plaintiff is a state prisoner proceeding pro se. This action proceeds on the January 25, 2005, second amended complaint. The second amended complaint is filed in response to an earlier order dismissing the original complaint and granting plaintiff leave to further amend the complaint.

       Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant physicians at CSP Corcoran.

       Plaintiff names several individual defendants in his complaint, including medical and administrative officials. The genesis of plaintiff's complaint is that he contends he is provided inadequate medical care. Specifically, plaintiff was taken off of morphine and placed on another pain medication.

       Plaintiff arrived at Corcoran in December of 2001. At the time, he was taking morphine. In February of 2002, plaintiff was advised by defendant George (R.N.) that she

1

would suggest to Dr. Castillo that he take plaintiff off of morphine, which he did. Defendant Dr. Castillo prescribed a different pain medication for plaintiff. Plaintiff alleges that he did so without examining plaintiff. Plaintiff filed an inmate grievance, with the result that plaintiff agreed to "re-try" the new medication. Plaintiff requested to be seen by a pain specialist.

On May 10, 2002, plaintiff was seen by a pain specialist and given an injection for his back pain. Plaintiff alleges that defendant Dr. Friedman gave plaintiff the injection in the wrong place in retaliation for the filing of an inmate grievance requesting to be seen by a pain specialist. Plaintiff filed another inmate grievance regarding the discontinuance of his pain medication. Plaintiff alleges that the Chief Medical Officer approved the prescription of ultram for plaintiff's pain, but it was stopped at some point.

Plaintiff also alleges that, though he was prescribed an egg-crate mattress by somebody at the pain center in Bakersfield, he is not being provided with it.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

"[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." Jackson v. McIntosh, No. 94-16741 (9th Cir. Apr. 11, 1996), citing Estelle v. Gamble, 429 U.S. 97, 107-08 (1976). As

Jackson continues, to "prevail under these principles, [a plaintiff] must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Id., citing Williams v. Vincent, 508 F.2d 541, 543-44 (2d Cir. 1974).

Here, plaintiff's allegations indicate that his medication was no longer indicated. A liberal construction of the allegations indicates that the decision to discontinue the medication was a medical decision, and not a willing disregard of a serious risk to plaintiff's health. There are no facts alleged that support plaintiff's conclusory allegation that he was subjected to deliberate indifference regarding the course of his treatment. That he suffered withdrawals from the discontinuance of his morphine does not, of itself, make such a decision unconstitutional. Assuming such a decision was negligent, it would not state a claim for relief. Negligence, even gross negligence, is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff does, however, state a claim for relief as to Dr. Friedman. Plaintiff has alleged facts which, if true, indicate that he deliberately caused plaintiff pain because of plaintiff's filing of an inmate grievance.

Further, plaintiff refers to documents outside the complaint. Plaintiff refers to inmate grievances filed by plaintiff as well as written responses by prison officials. Plaintiff is advised that the court will only consider the factual allegations set forth in the first amended complaint. In order to state a claim, plaintiff must allege facts that indicate that the named defendants deprived plaintiff of a protected interest. Plaintiff may not rely on facts located in documents outside the pleadings in order to support a claim. The plaintiff cites Federal Rule of Civil Procedure 10(c) to incorporate by reference documents attached as exhibits, plaintiff may not rely on those documents to allege facts to state a claim for relief. Plaintiff must set forth plainly, clearly, and briefly the facts that support his claim.

The court finds that the allegations in plaintiff's second amended complaint fail to

1  state a claim upon which relief can be granted.  The second amended complaint must therefore
2  be dismissed.  Plaintiff will, however, be granted leave to file a third amended complaint.
3  Plaintiff must allege with at least some degree of particularity overt acts which defendants
4  engaged in that support plaintiff's claim.   If plaintiff fails to file a third amended complaint, this
5  action will proceed on the second amended complaint against Dr. Friedman.  The court will
6  recommend dismissal of the remaining defendants.

7  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
8  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
9  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
10 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
11 there is some affirmative link or connection between a defendant's actions and the claimed
12 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
13 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

14 In addition, plaintiff is informed that the court cannot refer to a prior pleading in
15 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
16 amended complaint be complete in itself without reference to any prior pleading.  This is
17 because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux
18 v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
19 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
20 original complaint, each claim and the involvement of each defendant must be sufficiently
21 alleged.

22 In accordance with the above, IT IS HEREBY ORDERED that:
23 1.  Plaintiff's second amended complaint is dismissed; and
24 2.  Plaintiff is granted thirty days from the date of service of this order to file a
third amended complaint that complies with the requirements of the Civil Rights Act, the Federal
25 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
docket number assigned this case and must be labeled "Third Amended Complaint."IT IS SO
26

4

1  ORDERED.

2  Mmkd34**Dated:**   **February 8, 2006**          /s/  **William M. Wunderlich**
          UNITED STATES MAGISTRATE JUDGE