IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT GARCIA,

    Plaintiff,

vs.

L. GEORGE, et al.,

    Defendants.

CV F 03 5736 AWI WMW P

ORDER FINDING COMPLAINT STATES A COLORABLE CLAIM AND DIRECTING PLAINTIFF TO COMPLETE USM 285 FORM

Plaintiff is a state prisoner proceeding pro se. This action proceeds on the March 1, 2006, third amended complaint. The third amended complaint is filed in response to an earlier order granting plaintiff leave to further amend the complaint.

In that order, the Court noted the following. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against defendant officials employed by the CDCR at at CSP Corcoran.

Plaintiff names several individual defendants in his complaint, including medical and administrative officials. The genesis of plaintiff's complaint is that he contends he is provided inadequate medical care. Specifically, plaintiff was taken off of morphine and placed on another pain medication.

Plaintiff arrived at Corcoran in December of 2001. At the time, he was taking morphine.

In February of 2002, plaintiff was advised by defendant George (R.N.) that she would suggest to Dr. Castillo that he take plaintiff off of morphine, which he did. Defendant Dr. Castillo prescribed a different pain medication for plaintiff. Plaintiff alleges that he did so without examining plaintiff. Plaintiff filed an inmate grievance, with the result that plaintiff agreed to "re-try" the new medication. Plaintiff requested to be seen by a pain specialist.

On May 10, 2002, plaintiff was seen by a pain specialist and given an injection for his back pain. Plaintiff alleges that defendant Dr. Friedman gave plaintiff the injection in the wrong place in retaliation for the filing of an inmate grievance requesting to be seen by a pain specialist. Plaintiff filed another inmate grievance regarding the discontinuance of his pain medication. Plaintiff alleges that the Chief Medical Officer approved the prescription of ultram for plaintiff's pain, but it was stopped at some point.

Plaintiff also alleges that, though he was prescribed an egg-crate mattress by somebody at the pain center in Bakersfield, he is not being provided with it.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

"[W]here a defendant has based his actions on a medical judgment that either of two alternative courses of treatment would be medically acceptable under the circumstances, plaintiff has failed to show deliberate indifference, as a matter of law." Jackson v. McIntosh, No. 94-

16741 (9th Cir. Apr. 11, 1996), citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 107-08 (1976). As <u>Jackson</u> continues, to "prevail under these principles, [a plaintiff] must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." <u>Id.</u>, citing <u>Williams v. Vincent</u>, 508 F.2d 541, 543-44 (2d Cir. 1974).

Here, plaintiff's allegations indicate that his medication was no longer indicated. A liberal construction of the allegations indicates that the decision to discontinue the medication was a medical decision, and not a willing disregard of a serious risk to plaintiff's health. There are no facts alleged that support plaintiff's conclusory allegation that he was subjected to deliberate indifference regarding the course of his treatment. That he suffered withdrawals from the discontinuance of his morphine does not, of itself, make such a decision unconstitutional. Assuming such a decision was negligent, it would not state a claim for relief. Negligence, even gross negligence, is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff does, however, state a claim for relief as to Dr. Friedman. Plaintiff has alleged facts which, if true, indicate that he deliberately caused plaintiff pain because of plaintiff's filing of an inmate grievance.

In the March 1, 2006, third amended complaint, Plaintiff alleges the same facts as in the second amended complaint, albeit with greater factual specificity. Plaintiff does not, however, correct the defects noted as to the remaining defendants. Plaintiff does, however, state a claim for relief as to Defendant Dr. Friedman.

Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    Dr. FRIEDMAN

2. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, a

          Notice of Submission of Documents form, an instruction sheet and a copy of the third amended complaint filed March 1, 2006.

3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. Completed summons;

    b. One completed USM-285 form for each defendant listed above; and

    c. two copies of the endorsed third amended complaint filed March 1, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   January 7, 2008**             /s/  William M. Wunderlich
                                                  UNITED STATES MAGISTRATE JUDGE